UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANZAS CORPORATION DBA DHL GLOBAL FORWARDING, AN OHIO CORPORATION, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>SOLARJUICE TECHNOLOGY, INC., A DELAWARE CORPORATION, et al.,<br><br>Defendants. | Case No. 24-cv-07045-SVK<br><br>**ORDER FOR REASSIGNMENT TO A DISTRICT JUDGE**<br><br>**REPORT AND RECOMMENDATION GRANTING MOTION FOR ENTRY OF JUDGMENT PURSUANT TO THE PARTIES' STIPULATION**<br><br>Re: Dkt. 22 |

Plaintiffs Danzas Corporation dba DHL Global Forwarding and Radiz Group International, Inc. dba DHL Global Forwarding (collectively, "Plaintiffs" or "DHL") move for entry of judgment pursuant to the Parties' stipulation. Dkt. 22. Although Plaintiffs have consented to magistrate jurisdiction in this case, (Dkt. 12), Defendants Solarjuice Technology, Inc., Solarjuice American Inc., and Solar4America Technology Inc. dba Solarjuice Technology Inc. (collectively, "Defendants" or "Solarjuice") have neither appeared nor consented. Accordingly, the Court **ORDERS** the Clerk to reassign this case to a District Judge and issues the following **Report and Recommendation.**

I.  **BACKGROUND**

On October 8, 2024, DHL filed suit against Solarjuice alleging that DHL, a company engaged in providing freight services for international shipping and courier services, performed 35 deliveries for Solarjuice. Dkt. 1, ¶¶ 1-2, 13. DHL alleges that Solarjuice failed to pay. *Id.*, ¶ 15. Eventually, after Solarjuice failed to appear, DHL filed a motion for entry of default which was entered by the Clerk. Dkts. 14-15. However, before moving for default judgment, counsel for DHL managed to get in contact with Solarjuice and, according to DHL, agree on preliminary

terms of settlement. Dkt. 16, ¶ 3.  DHL filed a notice of settlement on February 3, 2025.  Dkt. 18.

According to the declaration of DHL's attorney, Philip E. McDermott, submitted in support of DHL's Motion for Entry of Judgment (the "Motion"), the Parties reached a settlement agreement that was fully executed on January 26, 2025.  Dkt. 22 at Dkt. pp. 8-9 ("McDermott Decl."), ¶ 2.  As part of the settlement agreement, the Parties executed a "Stipulation for Entry of Judgment In The Event Of Default By Defendants," which bears signatures by both DHL's and Solarjuice's representatives dated January 15, 2025.  Dkt. 22-1 at Dkt. pp. 2-9 ("Stipulation for Judgment").  In accordance with the agreement, the Parties agreed to a payment schedule breaking up the settled damages claimed by DHL into eight installments with the first due on March 10, 2025.  Stipulation for Judgment, ¶ 1.  The Parties further agreed that:

> Defendants shall have a five (5) business day grace period from the date of Plaintiffs['] notice to Defendants in which Defendants must cure any default of making the Settlement Payment pursuant to the above terms by making any necessary payments. … [But that] if payment is not made within any designated five (5) business day grace period … Defendants shall be deemed to be in default of this Stipulation and judgment may be entered against them in compliance with the terms of this Stipulation.

*Id.*, ¶¶ 2-5.  The stipulation provided that, in such case, DHL would be entitled to a judgment for the full sum of $284,421.95, "plus any award of attorney's fees and costs … for all actions taken by Plaintiffs in order to enforce this Stipulation."  *Id.*, ¶¶ 4, 14.

According to Mr. McDermott's declaration, the March 10, 2025 payment was never made and is now weeks overdue.  McDermott Decl., ¶ 5.  DHL provided notice to Solarjuice on March 20, 2025, with "a follow up reminder" on March 26, 2025.  *Id.*; *see also* Dkt. 22-2 (email chain between DHL's counsel and George Milionis, the contact specified in the Stipulation, regarding Solarjuice's nonpayment).  DHL did not hear from Solarjuice in response, and the cure period expired on March 27, 2025.  McDermott Decl., ¶ 6.

Thereafter, on April 1, 2025, DHL filed the instant Motion.  Solarjuice has not appeared nor filed any response to the Motion, and the deadline for such response has passed.

////

////

## II. LEGAL STANDARD AND DISCUSSION

"[C]ourts have inherent power summarily to enforce a settlement agreement with respect to an action pending before it; the actual merits of the controversy become inconsequential." *Dacanay v. Mendoza*, 573 F.2d 1075, 1078 (9th Cir. 1978); *see also Yelp Inc. v. Herzstock*, 788 F. App'x 529, 530 (9th Cir. 2019) ("A district court has the power to summarily enforce a settlement agreement."). "The authority of a trial court to enter a judgment enforcing a settlement agreement has as its foundation the policy favoring the amicable adjustment of disputes and the concomitant avoidance of costly and time consuming litigation." *Dacanay*, 573 F.2d at 1078. Pursuant to this authority, a trial court may enter a stipulated judgment entered into as part of a settlement agreement, pursuant to the terms of the settlement agreement. *See, e.g.*, *Ekuantia PTE, Ltd. v. Chang,* No. 21-cv-09938-JCS, 2022 WL 3717261, at *2 (N.D. Cal. Aug. 29, 2022); *Mohebbi v. Khazen,* No. 13-cv-03044-BLF, 2019 WL 144865, at *7 (N.D. Cal. Jan. 9, 2019); *Yelp Inc. v. Herzstock*, No. 15-cv-00693-PSG (LHK), 2018 WL 10638325, at *5 (N.D. Cal. Mar. 6, 2018), *aff'd* 788 F. App'x 529 (9th Cir. 2019).

Here, DHL has provided evidence that Solarjuice has defaulted on the payment terms set forth the Parties' settlement agreement as exhibited in their signed Stipulation for Judgment. *See* McDermott Decl., ¶¶ 5-6. Solarjuice has not opposed DHL's Motion. The Parties' agreement expressly provides that after the applicable grace periods, which DHL has also provided evidence have run (*id.*), "judgment in the above-titled case shall be entered in favor of Plaintiffs, and each of them, against Defendants, and each of them, in the sum of … $284,421.95, plus any award of attorney's fees and costs … for all actions taken by Plaintiffs in order to enforce this Stipulation." Stipulation for Judgment, ¶¶ 4, 14. By the plain terms of the settlement agreement, DHL is entitled to judgment.

DHL further requests attorney's fees in the amount of $1,980.00. Dkt. 22 at 6. Such an amount is not unreasonable, DHL's request comports with Fed. R. Civ. P. 54(d)(2) and DHL is entitled to the fees by the plain terms of the settlement agreement. Fed. R. Civ. P. 54(d)(2); Stipulation for Judgment, ¶¶ 4, 14.

Accordingly, the undersigned **RECOMMENDS** entry of the stipulated judgment proposed

by DHL at Dkt. 24 in the amounts specified therein. Additionally, as part of the Motion, DHL requests to withdraw the notice of settlement it filed on February 3, 2025. Dkt. 22-3. The undersigned further **RECOMMENDS** that Dkt. 18 be withdrawn pursuant to DHL's request.

### III.    CONCLUSION

For the forgoing reasons, the Court **ORDERS** that this case be reassigned to a District Judge and **RECOMMENDS** that the District Judge **withdraw** the notice of settlement, Dkt. 18, **grant** DHL's Motion for Entry of Stipulated Judgment and **enter** the proposed judgment.

**SO ORDERED.**

Dated: April 23, 2025

SUSAN VAN KEULEN
United States Magistrate Judge